IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-19-BO

| | |
|---|---|
| ROBIN LEE PRIDGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on February 7, 2013, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on July 9, 2009, alleging disability beginning August 31, 2008. His claims were denied initially and on reconsideration. On February 9, 2011, an Administrative Law Judge (ALJ) held a video-hearing at which plaintiff, his attorney, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on March 23, 2011, finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited

to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or his physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or his impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing othis work. *Id.*

After finding that plaintiff met the insured status requirements and that he had not engaged in any substantial gainful activity for a twelve month period at step one, the ALJ determined that plaintiff had the following severe impairments: a history of degenerative disk disease with low back pain, left-sided foot drop, neck pain, numbness of the right hand, attention deficit hyperactivity disorder, and bipolar disorder. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work with exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform any past relevant work, but

2

found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled for the period of August 31, 2008, through March 23, 2011.

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination, and the Court agrees. Light work requires the ability to lift twenty pounds occasionally, ten pounds frequently, and a good deal of either walking or standing or a good deal of sitting with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. The ALJ in this matter determined that plaintiff could do less than the full range of light work, placing the following physical limitations on plaintiff's abilities: no pushing or pulling with his left lower extremity, a work environment in which plaintiff could change between sitting and standing at least once per hour, and the absence of any tasks that would require plaintiff to climb ropes, ladders, or scaffolds. Tr. 12. The ALJ specifically found that plaintiff could sit, stand, and walk for up to six hours each in an eight-hour day. *Id.*

Plaintiff has a long history of low back pain, having undergone two spinal surgeries with the most recent occurring in October 2008. Tr. 272; 316. Plaintiff also has a left-foot drop that requires him to wear a brace. Tr. 357. In finding that plaintiff could perform light work with restrictions, the ALJ gave great weight to the opinion of plaintiff's second spine surgeon, Dr. Reeg. Tr. 16. While Dr. Reeg did in fact opine that plaintiff could return to work in April 2009, he specifically noted that plaintiff could return to work as tolerated. Tr. 330. Plaintiff's chronic foot drop was still present roughly a year after surgery, Tr. 357, and Dr. Reeg noted at plaintiff's final visit with him that plaintiff "used to do body work," referring to his past work in auto body repair shops. Tr. 356. While plaintiff's surgery was a technical success, *Id.*, plaintiff continued to complain of back and

3

leg pain in February 2011, as well as neck and shoulder pain. Tr. 440.

An RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Even if the ALJ correctly found plaintiff's statements concerning the frequency and intensity of his pain not entirely credible, the medical evidence in the record does not support a finding that plaintiff, with his documented history of severe back problems and pain, could lift twenty pounds occasionally, ten pounds frequently, and sit or stand for almost an hour at a time for eight hours a day, five days a week. The Court therefore remands this matter as the ALJ's RFC determination is not supported by substantial evidence.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 25] is GRANTED, defendant's motion for judgment on the pleadings [DE 29] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __12__ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4