IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No.: 4:12-CV-19-BO

| | |
|---|---|
| ROBIN LEE PRIDGEN,<br>    Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of<br>Social Security,<br>    Defendant. | ORDER |

This matter is before the Court on the plaintiff's motion for attorneys fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [DE 36]. The defendant has not opposed this motion. For the reasons stated herein, the plaintiff's motion is GRANTED.

## DISCUSSION

The Equal Access to Justice Act provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that she is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). Where, as here, the district court ruled in favor of the plaintiff, and entered an order remanding the matter to the agency pursuant to 42 U.S.C. §

1

405(g), the plaintiff is considered the "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

"Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *2 (E.D.N.C. Feb. 8, 2008)(citations omitted). Substantial justification analysis examines "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation" from the "totality of the circumstances." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). Here, the Commissioner has failed to offer any evidence, and therefore has failed to carry her burden, that the Commission's position in the underlying litigation was substantially justified.[1] Further, the Court finds that there is no reason that an award of fees in this case would be unjust. As such, the Court finds in favor of the Plaintiff on eligibility requirements (ii) and (iii).

Finally, the Court considers the procedural aspects of eligibility. Judgment was entered in this matter on March 14, 2013. The plaintiff filed the instant motion on March 22, 2013 – well within the thirty-day period allowed by the EAJA. Additionally, the plaintiff's motion was accompanied by an itemized statement supporting the fees requested.

Having considered the EAJA's eligibility requirements and the Commissioner's lack of opposition to the motion, the Court grants the plaintiff's motion.

---

[1] The Court notes that it "retains discretion to find *sua sponte* 'that the record before it demonstrates that substantial justification exists for a litigation position.'" *Dixon* at *2 (quoting *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986)). However, given that the Commissioner has offered no opposition to the plaintiff's motion the Court declines to review this matter.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorneys fees pursuant to the Equal Access to Justice Act is GRANTED.

SO ORDERED.

This the 24 day of April, 2013.

							Terrence Boyle
							TERRENCE W. BOYLE
							UNITED STATES DISTRICT JUDGE